**UNITED STATES of America**

v.

**Sekou ODINGA, et al., Defendants.**

**No. SSS 82 Cr. 0312 (KTD).**

United States District Court, S.D. New York.

Dec. 7, 1983.

See also, D.C., 576 F.Supp. 1043.

Rudolph W. Giuliani, U.S. Atty., S.D. N.Y., New York City, for the Government; Peter J. Romatowski, Robert S. Litt, Asst. U.S. Attys., New York City, of counsel.

Sekou Odinga, pro se.

Jesse Berman, New York City, for defendant Cecil Ferguson.

William Mogulescu, New York City, for defendant Edward Joseph.

Susan V. Tipograph, New York City, for defendant Silvia Baraldini.

KEVIN THOMAS DUFFY, District Judge:

By order dated October 6, 1983, I directed defendants Joseph, Ferguson, Odinga, and Baraldini to submit to the court a statement of the remaining issues allegedly open for resolution at a "due process violations" hearing examining putative governmental misconduct. Defendants Joseph and Ferguson contend that the following should be explored at the hearing:

1. The question whether Sam Brown's assertion of his privilege at the suppression hearing and at the trial was the result of government threats.

a) The question of immunity for Brown in order to permit a full search for the truth.

b) A resolution of how much the F.B.I. knew about Brown's mental problems and when they became aware of it. On this question it would be necessary to reopen the hearing to permit the testimony of officials from Otisville relating to the information they passed on to the F.B.I.

c) The question relating to potential prosecutorial misconduct in connection with Brown's assertion of the Fifth Amendment before the grand jury.

2. The incorporation of the trial testimony concerning the degree of Yvonne Thomas' mental instability and the extent of the F.B.I.'s knowledge of her condition prior to the filing of their affidavits in support of the electronic surveillance.

a) Whether the government made full disclosure to the grand jury of the extent of Thomas' disability.

3. The basis for the references to "Harriet" in Maxwell's affidavit as the affidavit is directly contradicted in all respects by the trial testimony of Mr. Bayete.

4. A resolution of the question whether the government was aware that Brown was going to invoke his privilege before the grand jury and whether they compelled him to do so. Therefore, whether the use of hearsay testimony before the grand jury was occasioned by government misconduct.

Letter For Defendants Joseph and Ferguson Dated October 25, 1983.

Defendant Baraldini asserts that the following issues remain open:

1. Samuel Brown's taking of the Fifth Amendment at the hearing and trial. The Court should be aware that in August, 1983, Mr. Brown filed a Federal lawsuit which repeats the allegations that agents Cordier and Maxwell threatened him.

2. The government's refusal to offer Mr. Brown immunity, thus, shielding their own misconduct.

3. The court's refusal to *voir dire* jurors who stated that there were discussions amongst the jury pool concerning their fears, re: the anonymous jury. Also, same as to publicity.

4. Government's failure to turn over all *Brady* and 3500 material. As the court may be aware, after the trial was completed, the press reported on certain statements allegedly made to the F.B.I. by Peter Middleton. Even though the statements (concerning Assata Shakur) were made prior to trial, they were never turned over to the defense.

5. The court's continued refusal to permit evidence of government misconduct, COINTELPRO or other related issues to be presented to the jury.

Letter For Defendant Baraldini Dated October 12, 1983.

The applicable standard of review would appear to be whether the government's actions were "so outrageous as to offend fundamental 'canons of decency and fairness.'" *United States v. Payner*, 447 U.S. 727, 737 n. 9, 100 S.Ct. 2439, 2447 n. 9, 65 L.Ed.2d 468 (1980) (citing *Rochin v. California*, 342 U.S. 165, 169, 72 S.Ct. 205, 208, 96 L.Ed. 183 (1952), and *Malinski v. New York*, 324 U.S. 401, 417, 65 S.Ct. 781, 789, 89 L.Ed. 1029 (1945)). *See also United States v. Myers*, 527 F.Supp. 1206, 1222 (S.D.N.Y.) (applying "outrageous" standard to review alleged government due process violations), *aff'd*, 692 F.2d 823, 837

(2d Cir.1982). I will examine the defendants' contentions *seriatim* beginning with Joseph and Ferguson's contentions:

■ Whether Sam Brown's assertion of his Fifth Amendment privilege against self-incrimination at the suppression hearing and at trial were the result of government coercion—as stated under number one of defendants' letter—is a proper subject to be explored at the due process hearing. Defendants have furnished the court with a taped conversation alleged to have been between Mr. Brown and an attorney, William Kunstler, in which Brown stated that he had been coerced by the government into asserting his privilege. Furthermore, Brown has filed a lawsuit claiming that he was threatened by F.B.I. agents. Under this general subject, however, defendants Joseph and Ferguson have added three sub-assertions.

■ Subsection (a), which notes the government's refusal to grant Brown immunity, is not a relevant issue under the facts of this case. As the Second Circuit recently stated:

Appellants also claim that the government's refusal to grant Vizzini use immunity regarding his arrest denied them a fair trial. Their argument is unpersuasive. The Sixth Amendment does not compel immunity for defense witnesses and the Due Process Clause of the Fifth Amendment is not "a general requirement that defense witness immunity must be ordered whenever it seems fair to grant it." *United States v. Turkish,* 623 F.2d 769, 777 (2d Cir.1980), *cert. denied,* 449 U.S. 1077 [101 S.Ct. 856, 66 L.Ed.2d 800] (1981); *see also United States v. Burns,* 684 F.2d 1066, 1077 (2d Cir.1982), *cert. denied,* [— U.S. —] 103 S.Ct. 823 [74 L.Ed.2d 1019] (1983). For us to reverse on these grounds, there must be a showing that (1) the government either has engaged in discriminatory use of immunity to gain tactical advantage or has forced the witness through overreaching to invoke the privilege; (2) the witness' testimony would have been "material, exculpatory and not

cumulative;" *and* (3) the evidence was unobtainable from any other source. *Id.*

*United States v. Calvente,* 722 F.2d 1019, at 1025 (2d Cir.1983) (emphasis added). Likewise, here, defendants have provided an insubstantial basis for requiring the government to have granted immunity or for an inquiry at the Hearing.

Subsection (b) is a matter which was examined sufficiently at the suppression hearing. In my decision determining that the electronic surveillance was constitutionally conducted, I explicitly found that the agent's alleged nondisclosure of Brown's mental problems did not reach constitutional dimension. Accordingly, subsection (b) will not be a subject of the hearing.

■ Subsection (c) also is not a subject for inquiry at the hearing, though for a different reason. It is not based on anything in the record. There have been no evidentiary allegations concerning Brown's invocation of his Fifth Amendment privilege before the grand jury, except to the extent that I previously dealt with them in my decision denying defendants' motion to dismiss based on alleged grand jury abuse. *See United States v. Shakur,* 560 F.Supp. 313 (S.D.N.Y.1983). In short, of the assertions numbered (1) and (1)(a), (b) & (c), only (1) is an appropriate area of inquiry at the due process hearing.

■ Defendants refer in their second asserted ground to "the incorporation of the trial testimony concerning the degree of Yvonne Thomas' mental instability." I note at the outset that any trial testimony concerning Ms. Thomas' alleged mental instability was elicited entirely by the defendants themselves as part of their defense. In addition, before trial I had determined that it was unnecessary to consider the information provided by Ms. Thomas that the F.B.I. submitted in support of the wiretap applications. *Id.* at 336. The probable cause inquiry and other legal determinations could be made whether that information was included or excluded. Under any standard of due process, therefore, this does not justify further inquiry.

The third issue defendants contend remains open concerns a reference in one of the wiretap applications to the name "Harriet." Special F.B.I. Agent Kenneth Maxwell's January 14, 1982 affidavit in support of the first extension of the wiretap order authorizing electronic surveillance of BAAANA cites an intercepted conversation in which a participant refers to a woman named "Harriet." Maxwell, in his affidavit, claimed that Harriet was a reference to Joanne Chesimard, a federal fugitive wanted on charges of escaping from a state correctional institution. Maxwell Affidavit at 12. In challenging the constitutional validity of the Second BAAANA Tap, defendants asserted that this interpretation was factually baseless. I upheld the wiretap's constitutionality, however, stating at footnote 23:

> Defendants' attack the factual basis of this interpretation and others in the affidavit. At this juncture, such assertions are no more than speculation. Obviously, if defendants obtain support for their assertions during trial, [they] can raise [their] objections in accordance with my discussion in section (A)(2)(a)(iii), *supra.*

*United States v. Shakur*, 560 F.Supp. 318, 335 n. 23 (S.D.N.Y.1983). Section (A)(2)(a)(iii) was a reference to my reservation until after the trial of all allegations of prosecutorial misconduct that could rise to the level of a violation of defendants' right to due process—the so-called "due process hearing."

■ At trial, Kamau Bayete one of the government's primary witnesses stated that Joanne Chesimard was never referred to as "Harriet" as far as he knew. Other witnesses, including Tyrone Rison who admitted to assisting Chesimard in her escape, also agreed that they had never heard such a reference. This alleged misstatement alone, however, even if it was intentional could not arguably constitute a due process violation. Defendants have not shown a pattern of intentional misstatements or anything approaching that level which could be alleged to violate due process.

Finally, Ferguson and Joseph's fourth asserted ground must be dismissed. To the extent that it seeks to raise the factually unsupported argument that Brown's Fifth Amendment privilege assertion before the grand jury was illegitimate, I have already rejected it. Furthermore, in my above-cited decision discussing alleged grand jury abuse, I explicitly addressed and rejected any contentions that the government improperly utilized hearsay testimony before the grand jury. *See* 560 F.Supp. at 317–18.

Turning to defendant Baraldini's contentions, I note at the outset that defendants' grounds three and five are objections to rulings by this court. This hearing is to examine alleged *prosecutorial* misconduct; defendant Baraldini can assert numbers three and five on appeal, but not at this hearing. Grounds one and two I have previously addressed above. As discussed, one is an appropriate subject of the due process hearing; two is not.

■ Last, I find that Baraldini's contention number four is without a factual basis. Baraldini asserts that statements allegedly made by Kamau Bayete Peter Middleton that should have been turned over as *Brady* material were reported in the press "[a]s the court may be aware." The court is not aware of any such statements reported in the press. Defendant must affirmatively do more than conclusorily allege the existence of such statements to justify inquiry at a due process hearing.

In sum, of the nine purported issues that defendants have asserted should be subjects at the due process hearing, I find that only the first of Joseph and Ferguson assertions and Baraldini's corresponding assertion number one is an appropriate matter for inquiry. The due process hearing will be held on December 14, 1983 at 10:00 a.m. in Courtroom 443.

SO ORDERED.